# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

IN RE GUARDIANSHIP OF VALENTIN )
K. MEDVEDEV, an incapacitated )  No. 60522-4-I
person, )
_____)
) DIVISION ONE
ANDREI MEDVEDEV and MARIA )
MEDVEDEVA, )
)
Appellants, ) UNPUBLISHED OPINION
)
v. )
)
UNIVERSITY OF WASHINGTON, )
MEDICAL CENTER, GROUP HEALTH, )
VIRGINA MASION MEDICAL CENTER, )
PARTNERS IN CARE, )
)
Respondents. ) FILED: April 22, 2013
_____)

SPEARMAN, A.C.J. — Andrei Medvedev and Maria Medvedeva appeal various

provisions contained in the order appointing Maria Medvedeva as successor guardian

for her late husband, Valentin Medvedev. Holding the issues raised by the appellants

are either moot or without merit, we affirm.

## FACTS

Valentin Medvedev suffered a stroke. In 2006, the trial court found Medvedev

incapacitated and appointed Partners in Care as the full guardian of his person and

estate. Valentin's children (Andrei and Anna) and his wife (Maria) repeatedly attempted

to prevent Partners in Care from fulfilling its duties. They harassed Partners in Care, as well as Valentin's healthcare providers, to the point where Swedish Hospital issued trespass admonishments to Andrei and Maria for disruptive behavior. In April 2007, the trial court issued an order of protection preventing Andrei, Maria, and Anna from harassing Partners in Care and Valentin's healthcare providers. Partners in Care, nevertheless, petitioned to withdraw as guardian.

On July 30, 2007, a King County Superior Court commissioner signed an order appointing Maria as the successor guardian of Valentin. The order included the restrictions previously imposed upon Andrei, Maria, and Anna in the protective order. The order also approved (1) $40,407.80 in fees and costs for the guardian ad litem; (2) $12,293 in attorney fees and costs for the person who had served as counsel for Valentin; and (3) $62,174.02 in fees and costs for Partners in Care and its attorneys. Andrei and Maria appeal this order.

## DISCUSSION

Appellants argue the trial court improperly restrained them from contacting the health care workers providing Valentin with his care. However, given it is undisputed that Valentin has since passed away, the restrictions set forth in the order appointing a successor guardian are no longer in place, and that issue is moot. See RCW 11.88.140(c) (guardianship terminates automatically at the death of the incapacitated person).

The appellants also contend the trial court exceeded its authority when it awarded guardianship fees and costs. They cite WAC 388-79-030, which limits guardianship fees to no more than $175 per month and administrative costs to no more than $700 for Department of Social and Health Services (Department) clients. But appellants cite to no evidence in the record establishing that Valentin was a client of the Department at the time the fees and costs awarded by the court were incurred. Nor have they made an attempt to show that the awarded fees and costs fall under the purview of the cited WAC. Indeed, from our review of the documents designated by the appellants, it is clear that for at least some portion of the guardianship, Valentin was not a client of the Department. In short, appellants fail to meet their burden of establishing that the trial court's award of fees and costs was error.

Affirmed.

WE CONCUR:

_Spearman, A.C.J._

_Appelwick, J._

_Becker, J._